Susan Foley   SB 234319
LAW OFFICES OF SUSAN FOLEY
3242 Countryside Drive
San Mateo, CA  94403
Tel: (650) 345.2300
Fax: (650) 345.2302

Attorney for
R.K. and SATYA KURADA
AND SHANTI KURADA

Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| R.K. and SATYA KURADA AND SHANTI KURADA, | CASE NO.   CV 08-00554 PJH |
| Plaintiffs, | COMPLAINT  [20 U.S.C. § 1415] |
| vs. | |
| FREMONT UNIFIED SCHOOL  DISTRICT, | |
| Defendant. | |

NOW COMES Plaintiffs, R.K., (hereinafter referred to as "PLAINTIFF, or "STUDENT") and PLAINTIFF, R.K.'s natural father and mother, SATYA KURADA AND SHANTI KURADA, (hereinafter referred to as "PLAINTIFFS" or collectively as "PLAINTIFFS",) for a complaint against Defendant FREMONT UNIFIED SCHOOL DISTRICT, (*hereinafter* "DISTRICT") and allege as follows:

COMPLAINT — 1 —

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to Section 1415(i)(2)(A) of Title 20 of the United States Code, also referred to as the Individuals With Disabilities Education Act (reauthorized July 1, 2005), (hereinafter "IDEA"). (20 U.S.C. §1415(i)(2)(A). *See generally* 20 U.S.C. §§ 1400, *et seq*.). In *STUDENT v. FREMONT UNIFIED SCHOOL DISTRICT*, Case No. N2006110101 *(hereinafter* "the underlying case"), before the Office of Administrative Hearings (OAH), Plaintiffs have been aggrieved by the Decision and Order dated November 9, 2007, by the Office of Administrative Hearings, received by Plaintiffs on or about November 9, 2007.

**JURISDICTION AND VENUE**

2. This action arises under the laws of the United States, (*See* 20 U.S.C. §1415(i)(3)(A),) and the State of California (*See* Cal. Ed. Code § 56507(b) & (d).) Jurisdiction is conferred on this Court pursuant to 28 U.S.C.§1331 and 28 U.S.C. § 1367(a).

3. Venue is proper in this Court under 28 U.S.C. § 1391(b). Defendants reside within the County of Alameda, in the Northern District of California, and all of the events that are the subject of this complaint took place within the Northern District of California.

**PARTIES**

4. PLAINTIFFS reside in the County of Alameda, State of California, within the boundaries of Defendant's educational jurisdiction, during all relevant time periods in the underlying case. STUDENT's date of birth is November 22, 2002. STUDENT is currently 5-years old. STUDENT has Autism and was found eligible for special-education and related services when he was 3 years old pursuant to IDEA, IDEiA 2004 and Sections 56000, *et seq*. of the California Education Code. STUDENT's eligibility for special-education and related services remained the same throughout the relevant time periods in the underlying case.

5. The DISTRICT is a public entity organized and existing under the laws of the State of California, with the capacity to be sued. The DISTRICT receives federal funds from the United

States Department of Education pursuant to IDEA and IDEiA 2004, and is required to provide a free and appropriate public education (hereinafter referred to as "FAPE") to all disabled children whose parents reside within the DISTRICT's educational boundaries.

## STATUTORY SCHEME UNDER IDEA

6. IDEA (formerly known as the Education For All Handicapped Children Act, P.L. 94-142) was adopted in 1975 to ensure that all children with qualifying disabilities receive a public school education. In adopting IDEA, Congress found that over one million disabled children were not receiving an appropriate education, and the "more than one-half of the children with disabilities in the United States did not receive appropriate educational services that would enable such children to have full equality of opportunity...1,000,000 of the children with disabilities in the United States were excluded entirely from the public school system and did not go through the educational process with their peers...there were many children with disabilities throughout the United States participating in regular school programs whose disabilities prevented such children from having a successful educational experience because their disabilities were undetected...because of the lack of adequate services within the public school system, families were often forced to find services outside the public school system, often at great distance from their residence and at their own expense." (20 U.S.C. § 1400(c)(2)(B-E).) Therefore, Congress adopted IDEA "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living." (20 U.S.C. § 1400(d).) Congress reauthorized the IDEA in 2004 and the reauthorized IDEA is known as Individuals with Disabilities Education Improvement Act ("IDEiA").

7. Educational programs for handicapped children are designed and implemented through Individualized Education Programs (IEP)-documents, which contain, among other things, written statements of the following: A specific offer of placement, the child's present levels of educational performances, annual goals, and the specific educational services to be

COMPLAINT
– 3 –

provided to the child and the extent to which the child will be educated in regular education programs. (20 U.S.C. § 1414(d).)

8. Pursuant to 20 U.S.C. § 1415 (b)(6), whenever a parent disagrees with a proposed Individualized Education Program, the parent may file a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to the child. Pursuant to 20 U.S.C. § 1415(f)(1), whenever such a complaint has been received, the parent shall have an opportunity for an impartial due process hearing which shall be conducted by the State educational agency. As required by IDEA, California has established an impartial due process hearing procedure through contract with the Office of Administrative Hearings, Sacramento, California. Mediation (at no cost to either party) is offered and encouraged.

## STATEMENT OF RELEVANT FACTS

9. Student's parents, Plaintiffs, SATYA and SHANTI KURADA, requested an assessment for special-education for their son, R.K., from Defendant, FUSD, in the spring of 2006 due to their concerns regarding R.K.'s delays in language, behavior and social development.

10. The FUSD did not respond timely and did not provide an assessment plan as required by law to the Plaintiffs request for an assessment and did not hold an IEP-team meeting until September 6, 2006.

11. Defendant refused to allow R.K.'s parents to observe potential classroom placements.

12. An Individualized Education Plan (IEP) team meeting was held on September 6, 2006, wherein an inadequate offer of placement and services were made by the DISTRICT to STUDENT. The offer did not address STUDENT's behavioral needs, speech-language needs, occupational therapy needs and academic needs. In addition, present levels of STUDENT'S performance were not ascertained as required by IDEA, the California Education Code and

prevailing case law, resulting in inappropriate goals being offered within the IEP. The failure by the District to ascertain STUDENT'S present levels of performance and offer adequate goals resulted in a denial of FAPE to the STUDENT and a denial of parent participation in the IEP process.

13. Due to the DISTRICT's continuous denial of a FAPE, including, but not limited to, the DISTRICT's failure to address STUDENT's behavioral needs, STUDENT was unilaterally placed in a private program that addressed his unique needs and allowed him to make progress in his areas of deficits and make educational progress.

14. On November 6, 2006, STUDENT requested a Due Process Hearing with the Office of Administrative Hearings, because the District failed to offer and provide STUDENT a free appropriate public education on September 6, 2006.

15. A Due Process Hearing was conducted on September 4-7 through and September 11, 2007, before Administrative Law Judge, Peter Paul Castillo, of the Office of Administrative Hearings, Special Education Division.

16. The issues at hearing were as follows:

    1. For the 2005-2006 school year, did the District:

        A. Fail to fulfill its child find obligations to identify, locate and evaluate Student?

        B. Fail to develop a proposed assessment plan within 15 days of Student's assessment request and hold a timely Individualized Education Program (IEP) meeting?

    2. Did the District deny Student a FAPE during the 2006-2007 school year by:

        A. Failing to develop an IEP that contained appropriate, objective and measurable goals and were related to Student's present levels of academic and functional performance?

COMPLAINT — 5 —

     B     Failing to meet Student's unique needs for an in-home Applied Behavioral Analysis (ABA) program, Occupational Therapy (OT) to address his fine-motor and gross-motor deficits, and speech and language therapy to address his articulation deficits?

     C.    Predetermining the offer of Student's placement and services prior to the September 6, 2006, IEP team meeting and failing to consider the results of an Independent Educational Evaluation by Michael Jones, Ph.D. which interfered with Parents' opportunity to participate in the decision-making process?

### FIRST CAUSE OF ACTION
(20 U.S.C. §1415; Title 34 CFR 300.2; California Education Code §56331)
(Claim For Relief against DISTRICT)

17. Plaintiff realleges paragraphs 1 through 16, inclusive, as set forth above and incorporates the same as if fully set forth herein.

18. The Administrative Law Judge incorrectly determined Issue 1 in the underlying case. The District did, in fact, have a duty to provide a timely Assessment Plan to STUDENT'S parents that offered to evaluate student in all areas of suspected disabilities. The district further failed in its duties to hold a timely IEP meeting to offer student an Individualized Education Plan that would meet his unique needs.

19. The Administrative Law Judge failed to apply current case law, the IDEA and California Education Code when conducting his legal analysis with regard to the District's duties pursuant to the provisions of the IDEA and the California Education Code and legal precedent in this jurisdiction with regard to STUDENT's areas of disabilities. As a matter of law, Plaintiffs are entitled to a finding that they are the prevailing parties in the underlying Administrative Hearing, and as such, are entitled to compensatory education and/or reimbursement of all

COMPLAINT      – 6 –

educational costs expended during the relevant time periods and reasonable attorney fees and costs in the underlying Administrative Hearing and this case, pursuant to 20 U.S.C. § 1415.

20. Plaintiffs will suffer grave and irreparable harm for which no other adequate legal remedy exists if the DECISION and ORDER of the Office of Administrative Hearings is not set aside, and specific findings made that are consistent with the provisions of IDEA, the California Education Code and legal precedent in this jurisdiction.

21. Plaintiffs have exhausted all administrative remedies pursuant to 20 U.S.C. § 1415.

### SECOND CAUSE OF ACTION
(Cal. Ed. Code§§ 56341, *et. seq.*; 56345 *et. seq.*; 56342.5 *et. seq.*)

(Claim For Relief against DISTRICT)

22. Plaintiffs reallege paragraphs 1 through 21, inclusive, as set forth above and incorporates the same as if fully set forth herein.

23. The Administrative Law Judge incorrectly determined that the District met its obligations to develop an IEP that met Student's unique needs and contained appropriate, objective and measureable goals that were related to Student's present levels of academic and functional performance.

24. The Administrative Law Judge incorrectly determined that the District met its obligations to STUDENT with regard to its offer of a special-day class. STUDENT, at all times relevant, required an In-Home Applied Behavior Analysis (ABA) program in order to learn and make progress in his areas of deficits and thereby derive educational benefit.

25. The Administrative Law Judge incorrectly determined that the District met its obligations to STUDENT with regard to its offer of Occupational Therapy and Speech Therapy in that the District's offer was not for an adequate number of minutes per week to allow STUDENT to make meaningful progress in his areas of deficits with regard to his behavior, communication skills, fine-motor skills, gross-motor skills and sensory-integration deficits.

26. The Administrative Law Judge incorrectly determined that the District did not

predetermine its offer to STUDENT and deny parent participation in the IEP process.

27. The Administrative Law Judge failed to apply prevailing case law, the IDEA, and the California Education Code when conducting his legal analysis with regard to the District's duties under 20 U.S.C. § 1400 et. seq. and the California Education Code.

28. Plaintiffs will suffer grave and irreparable harm for which no other adequate legal remedy exists, if the DECISION and ORDER of the Office of Administrative Hearings is not set aside and specific findings made that are consistent with the provisions of IDEA, the California Education Code and legal precedent in this jurisdiction.

29. Plaintiffs have exhausted all administrative remedies pursuant to 20 U.S.C. § 1415.

30. Plaintiffs are entitled to a finding that they are the prevailing parties in the underlying Administrative Hearing, and as such, they are entitled to reimbursement of the costs for the educational assessment and attorney fees and costs in the underlying Administrative action and in this case pursuant to 20 U.S.C. § 1415.

THIRD CAUSE OF ACTION
(20 U.S.C. §1415, Cal. Ed. Code § 56040)
(Claim For Relief against DISTRICT)

31. Plaintiffs reallege paragraphs 1 through 28, inclusive, as set forth above and incorporates the same as if fully set forth herein.

32. The Administrative Law Judge incorrectly found that the DISTRICT was not obligated to reimburse Plaintiffs all costs expended by them to provide an appropriate education to Plaintiff, R.K., during the relevant time periods (and continuing) at issue in the underlying case.

33. The Administrative Law Judge failed to apply prevailing case law, the IDEA, and the California Education Code when conducting his legal analysis with regard to the District's duties under 20 U.S.C. § 1400 et. seq. and the California Education Code.

34. The District was obligated to offer STUDENT a free, appropriate public

1. education. The evidence revealed that the District did not offer or provide STUDENT a FAPE from June, 2006 through the present time. As a matter of law, Plaintiff is entitled to a finding that he had a right to a FAPE.

35. Plaintiffs are, therefore, entitled to a finding that they are the prevailing party in the underlying Administrative Hearing, and as such, PLAINTIFFS are entitled to reimbursement of the costs paid for PLAINTIFF, R.K.'s educational expenses along with reasonable attorney fees and costs pursuant to 20 U.S.C. § 1415 for the underlying Administrative action and this case.

36. Plaintiffs will suffer grave and irreparable harm to which no other adequate legal remedy exists if the DECISION and ORDER of the Office of Administrative Hearings is not set aside and specific findings made that are consistent with provisions of IDEA the California Education Code and legal precedence in this jurisdiction.

## PRAYER

WHEREFORE, Plaintiff respectfully prays for the following relief:

1. That specific findings be made that are consistent with the provisions of the IDEA, California Education Code, and legal precedent in this jurisdiction including, but not limited to, a finding that the DISTRICT failed to offer and provide STUDENT with a FAPE with regard to the assessment procedure and the IEP process from the Spring of 2006, the summer of 2006, the 2006-2007 school year and continuing.

2. For an order that the ADMINISTRATIVE LAW JUDGE'S DECISION, be set aside and Plaintiffs prevail on the issue of the District's failure to comply with their duty to assess Plaintiff;

3. For an order that the District reimburse STUDENT's parent. Plaintiff, SATYA KURADA AND SHANTI KURADA, all costs expended by them for the private placements, services and Independent Educational Assessments obtained;

4. For an Order that the HEARING OFFICER's DECISION, specifically concerning the District's offer of placement (IEP of September 6, 2006) be rendered a denial of a FAPE to STUDENT.

5. For an Order that the District reimburse, PLAINTIFFs, for educational costs paid from the point in time that the district failed to offer a FAPE to STUDENT.

6. For reasonable attorney fees and costs as a prevailing party in the underlying administrative action pursuant to 20 U.S.C. §1415 and California Education Code § 56507 (d);

7. For reasonable attorney fees and costs in bringing and prosecuting this appeal pursuant to 20 U.S.C. §1415; and

8. For such other relief as this Court may deem just and proper.

Dated: January , 2008            Respectfully submitted,

**LAW OFFICES OF SUSAN FOLEY**

by: _____/s/_____
Susan Foley, Attorney for Plaintiffs

COMPLAINT

– 10 –